3

LEONARD K. WELSH, CSB NO. 097954
JACOB L. EATON, CSB NO. 244834
Klein, DeNatale, Goldner,
 Cooper, Rosenlieb & Kimball, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

JOHN and LINDA MENEZES dba
J&L DAIRY,

    Debtors.

Case No. 07-10271-B-12
Chapter 12
DC No. KDG-9

Date:  September 26, 2007
Time:  1:30 p.m.
Place:  Bankruptcy Court
       2500 Tulare Street, Fifth Floor
       Department B, Courtroom 12
       Fresno, California
Judge: W. Richard Lee

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF RESTATED CHAPTER 12 PLAN

Confirmation of the Chapter 12 Plan ("the Plan") filed by JOHN MENEZES and LINDA MENEZES ("Debtors") came on for hearing before the Honorable W. Richard Lee, Bankruptcy Judge, on September 26, 2007. Leonard K. Welsh, Attorney at Law, appeared for Debtors and M. Nelson Enmark, Attorney at Law, appeared as the Chapter 12 Trustee. Other appearances were made at the hearing on confirmation of the Plan as are indicated on the record.

After considering the representations of counsel, the representations the Chapter 12 Trustee, and the papers on file herein including (1) the Plan, (2) the Modification of Chapter 12 Plan Before Confirmation filed on September 12, 2007, and (3) the Second Modification of Chapter 12 Plan Before Confirmation filed on September 17, 2007 (collectively "the Modifications"),

00447754.000

1

# FINDINGS OF FACT

The Court finds that:

1. the Plan and the Modifications have been transmitted to all creditors, parties in interest, or other persons, or entities whose rights are effected by the Plan;

2. due and proper notice of hearing on confirmation of the Plan and the Modifications has been given to Debtors, the Chapter 12 Trustee, the United States Trustee, all creditors, and parties requesting special notice;

3. the changes made to the Plan included in the Restated Chapter 12 Plan filed concurrently herewith ("Restated Plan") meet the requirements of 11 USC Section 1222;

4. the Restated Plan complies with the provisions of Chapter 12 and with other applicable provisions of Title 11;

5. any fee, charge, or amount required under Chapter 12 of Title 28, or by the Restated Plan, or be paid before confirmation has been paid;

6. the Restated Plan has been proposed in good faith and not by any means forbidden by law;

7. the value of the property, as of the effective date of the Restated Plan, to be distributed under the Restated Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claims if the estate of Debtors was liquidated under Chapter 7 on such date;

8. with respect to each allowed secured claim provided for by the Restated Plan–

    (a) the holder of such claim has accepted the Restated Plan;

    (b)(i) the Restated Plan provides that the holder of such claim shall retain the lien securing its claim, and

        (ii) the value as of the effective date of the Restated Plan on account of such claim is not less than the amount of such claim; or

    (c) Debtors shall surrender the real property securing such claim to such holder;

10. Debtors are not required by a judicial or administrative order, or by statute, to pay a "Domestic Support Obligation" as defined in 11 USC Section 101(14A).

### **CONCLUSIONS OF LAW**

Based on the findings of the Court described above,

1. the Court finds that the Restated Chapter 12 Plan filed by JOHN MENEZES and LINDA MENEZES on October 4, 2007 should be confirmed, and

2. Debtors should submit a proposed form of Order Confirming Restated Chapter 12 Plan to the Court consistent with these findings of fact and conclusions of law.

Date: October 15, 2007

BY THE COURT

_____
United States Bankruptcy Judge

Submitted by:

Date: October 5, 2007

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By   /s/ Leonard K. Welsh
LEONARD K. WELSH,
Attorney for Debtors

00447754.000

3